UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMMALINE BENNETT, CHRIS RIOTTA, LISA GUERRA, and ALEXANDRA TAYLOR-GUTT, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA UNIVERSITY (also known as THE BOARD OF TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK),<br><br>Defendant. | Case No.: 1:20-cv-03227<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Plaintiffs Emmaline Bennett, Chris Riotta, Lisa Guerra and Alexandra Taylor-Gutt ("Plaintiffs"), allege on personal knowledge against Defendant Columbia University (also known as The Board of Trustees of Columbia University In The City Of New York) ("Defendant") as follows:

### NATURE OF THE CASE

1. This is an action for breach of contract and unjust enrichment against the Defendant.

2. Specifically, as set forth more fully below, Plaintiffs and the putative Class members contracted with Defendant for certain services and paid for those services in the form of tuition and other fees. As a result of limitations Defendant has imposed, Defendant has not delivered the services that Plaintiffs and the putative Class contracted and paid for.

3. As a result, Plaintiffs and the putative Class are entitled to a refund on tuition and fees paid for services, facilities, access and/or opportunities not delivered.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant because Defendant conducts business in New York and has sufficient minimum contacts with New York.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Specifically, the contract that is the subject of this action was formed in this District.

## PARTIES

7. Plaintiff Emmaline Bennett is a student at Columbia University.

8. Plaintiff Chris Riotta is a student at Columbia University.

9. Plaintiff Lisa Guerra is a student at Columbia University.

10. Plaintiff Alexandra Taylor-Gutt is a student at Columbia University.

11. Defendant Columbia University (also known as Columbia, and officially as Columbia University in the City of New York) is a private Ivy League research university in New York City.

## FACTS

12. Plaintiffs are each enrolled as a full-time or part-time students for the Spring 2020 academic semester at Defendant's institution.

13. As a precondition for enrollment, Plaintiffs were required to and did pay tuition, as did members of the putative Class.

14. There are hundreds, if not thousands, of institutions of higher learning in this country.

15. Many institutions of higher learning offer curriculum and instruction that is offered on a remote basis through online learning which do not provide for physical attendance by the students.

16. Defendant's institution offers in-person, hands on curriculum.

17. Plaintiffs and members of the putative Class did not choose to attend another institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis at a significantly high tuition.

18. The tuition and fees for in-person instruction at Defendant's institution are higher than tuition fees for online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes, but is not limited to:

    (a) Face to face interaction with professors, mentors, and peers;

    (b) Access to facilities such as computer labs, study rooms, laboratories, and libraries;

    (c) Student governance and student unions;

    (d) Extra-curricular activities, groups, and intramurals;

    (e) Student art, cultures, and other activities;

    (f) Social development and independence;

    (g) Hands on learning and experimentation; and

    (h) Networking and mentorship opportunities.

19. Plaintiffs enrolled at Defendant's institution to earn a degree that included the service of taking courses at the campus with live teacher interaction.

20. On March 8, 2020, Defendant suspended classes for Monday and Tuesday of the week of March 8, 2020.

21. On March 8, 2020, Defendant stated that all classes for the remainder of the week of March 8, 2020 would be conducted online.

22. On March 12, 2020, Defendant stated that all classes for the remainder of the semester would be conducted online.

23. On March 20, 2020, Defendant suspended classes for Monday, Tuesday, and Wednesday of the week of March 22, 2020.

24. On March 20, 2020, Defendant stated that all classes for the semester will be graded pass/fail.

25. On March 20, 2020, Defendant cancelled Commencement exercises previously scheduled for May 20, 2020.

26. Defendant has suspended or restricted in-person on-campus activities.

27. Defendant has made and continues to make all classes pass/fail.

28. As noted, Defendant has suspended in-person graduation ceremonies.

29. Although Defendant is still offering some level of academic instruction via online classes, Plaintiffs and members of the putative Class have been and will be deprived of the benefits of on-campus learning as set forth more fully above.

30. Moreover, the value of any degree issued on the basis of online or pass/fail classes will be diminished for the rest of Plaintiffs' life.

31.     To date, Defendant has failed and continues to fail to refund any portion of Plaintiffs' and the putative Class members' Spring 2020 tuition payment.

32.     Moreover, Plaintiffs and members of the putative Class have been and will be deprived of fully utilizing services for which they have already paid, including, but not limited to, access to campus facilities and other opportunities.

33.     To date, Defendant has failed and continues to fail to adequately and properly refund Plaintiffs and the putative Class members' fees for on-campus services which Defendant is no longer providing as previously agreed upon.

## **CLASS REPRESENTATION ALLEGATIONS**

34.     Plaintiffs bring this action on behalf of themselves and for a class of persons defined as:

> All students who enrolled at Columbia for the 2020 Spring semester, and who paid tuition, mandatory fees, or voluntary fees for services and privileges that Columbia has failed to fully provide, and whose tuition and/or fees have not been refunded.

35.     The exact number of members of the Class is believed to be so numerous that joinder of all members into one action is impractical.  Upon information and belief, the Class includes all students who enrolled at any school or department of Defendant for the Spring 2020 semester.

36.     The claims raised by Plaintiffs are typical of the claims of the Class and all claims are based on the same general legal theories and claims for relief.

37.     There are common questions of law and fact that relate to and affect the rights of each member of the Class and these questions predominate over any questions affecting only individual members.  The common issues include, but are not limited to:

      (a)      Whether Plaintiffs and the other members of the Class paid tuition and other fees to Defendant for the Spring 2020 semester;

      (b)      Whether Defendant accepted the tuition and other fees from Plaintiffs and the other members of the Class for the Spring 2020 semester;

      (c)      Whether Defendant failed to deliver what it agreed to deliver to Plaintiffs and the other members of the Class;

      (d)      Whether Plaintiffs and the other members of the Class have been deprived of the benefit of their bargain with Defendant;

      (e)      Whether Defendant breached its agreement with Plaintiffs and the other members of the Class;

      (f)      Whether in the alternative, Defendant has been unjustly enriched by its retention of the tuition and other fees it received while it simultaneously failed to deliver to Plaintiffs and the other members of the Class what it promised and represented it would deliver; and

      (g)      Whether in equity and good conscience Defendant should be compelled to refund to Plaintiffs and the other members of the Class all or a portion of the tuition and fees it is holding.

38.    Plaintiffs' claims are typical of the claims of the members of the Class. Each Class claim arises from the same facts, circumstances, and Defendant's course of conduct and practices. Plaintiffs' legal theories are the same that will be asserted on behalf of the Class; namely, money damage claims arising from breach of contract or, in the alternative, for unjust enrichment.

39.    There is no conflict between Plaintiffs and other members of the Class with respect to this action or with respect to the claims for relief set forth herein.

40. Plaintiffs will fairly and adequately protect the interests of all Class members in the prosecution of this action and in the administration of all matters relating to the claims raised in this lawsuit. Plaintiffs are similarly situated with all Class members who paid tuition and other fees for the Spring 2020 semester, and they have sustained damages similar to those sustained by the members of the Class they seek to represent.

41. Plaintiffs have retained the services of attorneys who are experienced and capable in prosecuting class action lawsuits. Neither Plaintiffs nor Plaintiffs' counsel have any interests which might prevent them from vigorously pursuing this action.

42. Maintaining this action as a class action is superior to all other available methods of adjudication because it will promote the convenient administration of justice and will achieve a fair and efficient adjudication of the controversy in this matter, which will affect the interests of tens of thousands of potential class members.

43. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications that would confront Defendant with incompatible standards of conduct.

44. The dollar amount of the individual claims is insufficient to support separate actions, thus a multitude of potential claimants have small potential damages that require aggregation in order to be pursued.

45. This lawsuit is manageable as a class action because the proofs are essentially the same for all members of the Class on all of the principal issues.

46. Defendant's conduct was the same as to all members of the Class.

47.     The Class members do not have a significant interest in controlling the prosecution of separate actions involving the subject matter of this litigation, especially because the individual claims are too small individually to warrant litigating their claims on an individual basis.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

48.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

49.     Plaintiffs bring this count on behalf of themselves and the putative Class.

50.     Through the admission agreement and payment of tuition and fees, Plaintiffs and the putative Class members entered into a binding contract with Defendant.

51.     As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services.

52.     Defendant has failed to fully provide those services and has otherwise not performed under the contract as set forth above.

53.     Plaintiffs and the putative Class members have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to, being deprived of the experience and services to which they were promised and for which they have already paid.

54.     As a direct and proximate result of Defendant's breach, Plaintiffs and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to, reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to fully deliver.

## SECOND CAUSE OF ACTION

### (Unjust Enrichment)

55. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

56. Plaintiffs bring this action on behalf of themselves and the putative Class.

57. Plaintiffs and members of the putative Class conferred a benefit on Defendant by, *inter alia*, paying tuition and other fees in exchange for provision of certain services and promises.

58. Defendant has realized this benefit by accepting such payment.

59. Defendant has retained this benefit, even though Defendant has failed to fully provide the services for which the fees were collected, making Defendant's retention of the full payment unjust under the circumstances.

60. It is against equity and good conscience to allow Defendant to receive the benefit of its decision to reduce the services it is providing to Plaintiffs and the other members of the Class and yet retain 100% of the tuition and fees paid to it by Plaintiffs and the other members of the Class.

61. Defendant has been unjustly enriched in an amount to be decided by the trier of fact at trial, and Plaintiffs and the other members of the Class seek the disgorgement of these funds, plus interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

(A) Certifying this action as a class action and appointing Plaintiffs as class representative and Plaintiffs' counsel as class counsel;

(B) For a judgment awarding Plaintiffs and members of the Class damages against Defendant for breach of contract, together with prejudgment interest at the maximum rate allowable by law;

(C) For a judgment, in the alternative, determining that Defendant has been unjustly enriched;

(D) For a judgment, in the alternative, awarding Plaintiffs and the members of the Class a sum of money sufficient to ensure that Defendant does not remain unjustly enriched;

(E) For a judgment imposing a constructive trust on all monies wrongfully retained by Defendant;

(F) Awarding to Plaintiffs the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

(G) Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 1, 2020

          **GAINEY McKENNA & EGLESTON**

          By: */s/ Thomas J. McKenna*
               Thomas J. McKenna
               Gregory M. Egleston
          501 Fifth Avenue, 19th Floor
          New York, NY 10017
          Tel.: (212) 983-1300
          Fax: (212) 983-0383
          Email: tjmckenna@gme-law.com
          Email: gegleston@gme-law.com

          *Attorneys for Plaintiffs*